IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA GRATER,<br>Plaintiff,<br><br>v.<br><br>STEPHANIE HENRICK, in her capacity as Mayor of the Borough of Pottstown<br><br>and<br><br>MATTHEW HOVEY, in his capacity as Solicitor of the Borough of Pottstown<br><br>and<br><br>THE BOROUGH OF POTTSTOWN | Case No.:___________<br><br>TRIAL BY JURY OF TWELVE DEMANDED |

**COMPLAINT**

Plaintiff, complaining of the Defendants, and each of them, alleges and says:

**PARTIES**

1. Plaintiff, Jessica Grater, is a resident of Berks County, Pennsylvania, and a business owner in the Borough of Pottstown, Montgomery County, Pennsylvania.

2. Defendant, Stephanie Henrick, is the Mayor of the Borough of Pottstown, Pennsylvania, and at all times relevant to this Complaint was acting under color of state law in her official capacity as Mayor.

3. Defendant, Matthew Hovey, is the Borough Solicitor for the Borough of Pottstown, Pennsylvania, employed by the law firm High Swartz, LLP, and at all times relevant to this Complaint was acting under color of state law in his official capacity as Borough Solicitor.

4. Defendant Borough of Pottstown is a municipal corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business located in Montgomery County, Pennsylvania.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983, 28 USCS § 1331.

6. This Court has original jurisdiction over Plaintiff's claim under 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1343, 28 USCS § 1343.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution. 28 USCS § 1367.

8. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this judicial district. 28 USCS § 1391.

9. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants reside in the Commonwealth of Pennsylvania and the Borough of Pottstown is located within this judicial district. 28 USCS § 1391.

## FACTUAL ALLEGATIONS

### Background

10. Plaintiff Jessica Grater is a licensed attorney and business owner in Pottstown, Pennsylvania.

11. Defendant Stephanie Henrick is the elected Mayor of the Borough of Pottstown and presided over Borough Council meetings in her official capacity, and on information and belief continues to hold a license to practice law in the Commonwealth of Pennsylvania.

12. Defendant Matthew Hovey serves as the Borough Solicitor for the Borough of Pottstown and provides legal advice to the Borough and its officials.

**The Mayor's Public Endorsement**

13. On May 11, 2026, during a public Borough Council meeting, Mayor Henrick made a statement during the portion of that meeting informally known as the "Mayor's Talk."

14. Specifically, Mayor Henrick stated: "If anyone needs a lawyer, go to OWM," referring to the private law firm O'Donnell, Weiss and Mattei.

15. This statement was made in Mayor Henrick's official capacity as Mayor during a public meeting of the Borough Council.

16. Plaintiff believed that this public endorsement of a private law firm by an elected official in her official capacity was inappropriate and created the appearance that Borough authority or prestige was being used to promote private interests.

**Plaintiff's Initial Protected Communications**

17. On the evening of May 11, 2026, Plaintiff sent Mayor Henrick a series of text messages expressing her objection to the endorsement statement and explaining why such a statement was improper.

18. In those text messages, Plaintiff expressed her outrage at the Mayor's statement and requested that the Mayor acknowledge the impropriety and issue a clarification. *A true, redacted copy of said messages are attached hereto and incorporated herein as Exhibit "A."*

19. Mayor Henrick dismissed Plaintiff's complaints and denied having made the statement.

20. On May 12, 2026, Plaintiff wrote to Borough Solicitor Matthew Hovey requesting that the Borough address the Mayor's endorsement through appropriate public process.

21. In her May 12, 2026 letter, Plaintiff requested that the Borough take the following actions: issue a formal public statement or resolution of censure addressing the Mayor's inappropriate endorsement; direct the Mayor to publicly clarify that the Borough does not endorse private law firms and that residents should make independent choices regarding legal representation; and implement or reinforce guidance or training for Borough officials regarding endorsements and public communications. *A true and complete copy of said letter is attached hereto and incorporated herein as Exhibit "B."*

22. Plaintiff's objection to the Mayor's public endorsement and her request for corrective action were made in her capacity as a private citizen and business owner addressing a matter of public concern regarding ethical conduct by elected officials.

**The Retaliatory Threat**

23. On June 1, 2026, in response to Plaintiff's request for accountability, Mayor Henrick, acting through Borough Solicitor Matthew Hovey, threatened to read Plaintiff's private text messages aloud at the next public Borough Council meeting if Plaintiff continued to pursue a clarification or accountability regarding the endorsement.

24. Defendant Hovey communicated that threat by calling the personal cell phone of Borough Councilmember, Andrew Monastra, Plaintiff's law partner, who put Mr. Hovey on speakerphone during that call, instructed him he was on speakerphone, at which time Mr. Hovey communicated that threat to Plaintiff in the presence of Mr. Monastra.

25. This threat was communicated through the Borough Solicitor's office, constituting the use of official Borough channels and resources to apply pressure against Plaintiff.

26. The stated purpose of the threat was to publicly embarrass Plaintiff and to pressure her into ceasing her pursuit of an ethics concern and accountability from the Mayor.

27. The threat to disclose Plaintiff's private communications at a public meeting was made with the intent to silence Plaintiff's objections and deter her from continuing to raise concerns about the Mayor's conduct.

28. Such a threat would be sufficient to deter a person of ordinary firmness from continuing to raise concerns about official misconduct.

**Plaintiff's Continued Advocacy**

29. On June 4, 2026, Plaintiff wrote to Borough Solicitor Hovey requesting action against the Mayor for misuse of office and threats in retaliation for Plaintiff's insistence that the Mayor issue a public apology.

30. In that letter, Plaintiff raised concerns that the Mayor's conduct implicated Pennsylvania criminal statutes and requested that the Solicitor investigate the matter, advise Borough Council on appropriate measures, and ensure that the Mayor cease any further misuse of her office or threats against private citizens. *A true and complete copy of said letter is attached hereto and incorporated herein as Exhibit "C."*

31. On June 8, 2026, Plaintiff appeared at a Borough Council meeting and delivered public comment regarding the Mayor's conduct and the Borough's failure to address the matter.

32. During that meeting, after Plaintiff's public comment, the Mayor made a public statement suggesting that any text sent to her as a public official is "public domain" and can be obtained through a Right-to-Know Law request.

33. On June 10, 2026, Plaintiff wrote to Borough Solicitor Hovey and Borough Council members addressing what she characterized as retaliatory threats to disclose private text messages and the Mayor's misstatement regarding the Right-to-Know Law and "public domain" texts.

34. In that letter, Plaintiff requested written clarification and retraction of the Mayor's "public domain" statement, non-retaliation assurance, agenda placement and public process, and preservation of records. *A true and complete copy of said letter is attached hereto and incorporated herein as Exhibit "D."*

35. On August 4, 2026, Borough Solicitor Andrew Bellwoar, writing as Special Counsel to Pottstown Borough, sent Plaintiff a letter demanding that she immediately cease all direct communications with the Borough and its officials and directing all such communications to him as Special Counsel. *A true and complete copy of said letter is attached hereto and incorporated herein as Exhibit "E."*

36. The August 4, 2026 letter characterized Plaintiff's advocacy as a "threat of litigation" and imposed sweeping preservation obligations on Plaintiff while simultaneously attempting to restrict her communications with elected officials. *See Exhibit "E."*

**Harm to Plaintiff**

37. The threat to publicly disclose Plaintiff's private text messages was made with the intent to embarrass, intimidate, and coerce Plaintiff into abandoning her objections to the Mayor's conduct.

38. The use of the Borough Solicitor's office and official Borough channels to communicate retaliatory threats leveraged the machinery of Borough government to deter Plaintiff's protected civic participation.

39. Plaintiff has been chilled in her exercise of her First Amendment rights to criticize public officials and to petition the government for redress of grievances as a result of Defendants' retaliatory conduct.

40. Further, and in related fashion, the coordinated actions of Defendant Henrick, Solicitor Hovey and through them, the Borough of Pottstown by means of the directive sent by Attorney Bellwoar on their behalf constitutes a direct violation of Plaintiff's rights as enumerated under the Pennsylvania Constitution, Article I, section 7, captioned in relevant part "Freedom[]...of Speech", which provides also in relevant part, as follows:

> *...The free communication of thoughts and opinions is one of the invaluable rights of man, and every citizen may freely speak, write and print on any subject, being responsible for the abuse of that liberty. ...*

41. Similarly, the coordinated actions of Defendant Henrick, Solicitor Hovey and through them, the Borough of Pottstown by means of the directive sent by Attorney Bellwoar on their behalf constitute a direct violation of Plaintiff's rights as enumerated under the Pennsylvania Constitution, Article I, section 20, captioned "The Right to Petition", which provides as follows:

> *The citizens have a right in a peaceable manner to assemble together for their common good, and to apply to those invested with the powers of government for redress of grievances or other proper purposes, by petition, address or remonstrance.*

42. The telephone call placed to Plaintiff by Solicitor Hovey, at the directive of one or more of the officers of the Borough of Pottstown, on behalf of the Borough of Pottstown, through Councilmember Monastra's telephone, constituted an attempt to coerce cooperation and withdrawal of the complaints voiced by Plaintiff, and to forced her to cease activities protected by both the Constitutions of the United States and Commonwealth of Pennsylvania, and to preemptively restrain her from peaceably petitioning the officers of her local government and to remonstrate with them for redress of her grievances.

43. The directive communicated to Plaintiff by Attorney Bellwoar at the directive of one or more officers and/or the Solicitor of the Borough of Pottstown on behalf of the Borough of Pottstown, constituted an improper attempt to preemptively restrain Plaintiff's attempts to exercise her rights protected under the Constitution of the United States, and the Constitution of the Commonwealth of Pennsylvania to peaceably petition the officers of her local government, and to remonstrate with them for redress of those grievances.

44. Plaintiff has suffered emotional distress, reputational harm, and damage to her professional standing as a result of Defendants' conduct.

45. Plaintiff has incurred costs and expenses, including attorney's fees, in seeking to protect her constitutional rights.

**COUNT I — FIRST AMENDMENT RETALIATION UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT STEPHANIE HENRICK**

46. Plaintiff incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

47. Plaintiff's objection to Mayor Henrick's public endorsement of a private law firm and her communications requesting corrective action were speech on matters of public concern, specifically the ethical conduct of elected officials and the proper use of public office.

48. Plaintiff's communications to the Mayor and to the Borough Solicitor requesting accountability constituted constitutionally protected speech and petitioning activity under the First Amendment to the United States Constitution.

49. Defendant Henrick, acting under color of state law in her official capacity as Mayor, took adverse action against Plaintiff by threatening to read Plaintiff's private text messages aloud at a public Borough Council meeting.

50. The threat to publicly disclose and read aloud Plaintiff's private communications with the stated purpose of embarrassing Plaintiff constitutes adverse action sufficient to deter a person of ordinary firmness from continuing to engage in protected speech.

51. Defendant Henrick's threat was communicated through the Borough Solicitor, using official Borough channels and resources, thereby invoking the authority and machinery of local government.

52. The threat was explicitly conditioned on Plaintiff ceasing her pursuit of accountability and clarification regarding the Mayor's endorsement.

53. There is a direct causal connection between Plaintiff's protected speech objecting to the Mayor's endorsement and the adverse action taken against her.

54. Specifically, the threat to disclose Plaintiff's private text messages was made on or about June 1, 2026, immediately following Plaintiff's May 12, 2026 written demand for corrective action and was explicitly intended to silence Plaintiff's objections.

55. Plaintiff's protected activity was a substantial or motivating factor in Defendant Henrick's decision to threaten disclosure of Plaintiff's private communications.

56. Defendant Henrick's conduct was undertaken with the intent to unlawfully restrict Plaintiff's freedom of action and to deter Plaintiff from exercising her First Amendment rights.

57. As a direct and proximate result of Defendant Henrick's retaliatory conduct, Plaintiff has suffered violations of her constitutional rights, emotional distress, reputational harm, and other damages.

## COUNT II — FIRST AMENDMENT RETALIATION UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT MATTHEW HOVEY

58. Plaintiff incorporates by reference paragraphs 1 through 57 as if fully set forth herein.

59. Plaintiff's objection to the Mayor's public endorsement and her communications requesting corrective action were speech on matters of public concern protected by the First

Amendment to the United States Constitution as well as Article I, sections 7 and 20 of the Constitution of the Commonwealth of Pennsylvania.

60. Defendant Hovey, acting under color of state law in his official capacity as Borough Solicitor, participated in and facilitated the adverse action against Plaintiff by communicating the Mayor's threat to read Plaintiff's private text messages aloud at a public Borough Council meeting.

61. Defendant Hovey used his position as Borough Solicitor and official Borough channels to convey the retaliatory threat, thereby lending the authority and prestige of the Borough Solicitor's office to the intimidation of a private citizen.

62. The threat communicated by Defendant Hovey was sufficient to deter a person of ordinary firmness from continuing to engage in protected speech and petitioning activity.

63. Defendant Hovey's participation in communicating the retaliatory threat was undertaken with knowledge that the threat was intended to silence Plaintiff's objections to the Mayor's conduct and to deter her from pursuing accountability.

64. There is a direct causal connection between Plaintiff's protected speech and Defendant Hovey's participation in the adverse action taken against her.

65. Plaintiff's protected activity was a substantial or motivating factor in Defendant Hovey's decision to communicate the retaliatory threat on behalf of the Mayor.

66. As a direct and proximate result of Defendant Hovey's retaliatory conduct, Plaintiff has suffered violations of her constitutional rights, emotional distress, reputational harm, and other damages.

## COUNT III — MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT BOROUGH OF POTTSTOWN

67. Plaintiff incorporates by reference paragraphs 1 through 66 as if fully set forth herein.

68. Defendant Borough of Pottstown, acting through its officials with final policymaking authority, including Mayor Henrick and Borough Solicitor Hovey, implemented or ratified a custom, policy, or practice of using official Borough channels and resources to retaliate against citizens who raise ethics concerns regarding elected officials.

69. The Borough's acquiescence in and ratification of the Mayor's and Solicitor's retaliatory conduct constitutes a municipal policy or custom that violated Plaintiff's constitutional rights.

70. The Borough, through its Council and officials, failed to take corrective action in response to Plaintiff's repeated requests for accountability and instead allowed the use of official channels to threaten and intimidate Plaintiff.

71. The Borough's failure to implement or enforce policies prohibiting retaliation against citizens who raise ethics concerns reflects deliberate indifference to Plaintiff's constitutional rights.

72. The Borough's custom, policy, or practice was the moving force behind the constitutional violations suffered by Plaintiff.

73. As a direct and proximate result of the Borough's custom, policy, or practice, Plaintiff has suffered violations of her constitutional rights, emotional distress, reputational harm, and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jessica Grater respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

A. Declaring that Defendants Stephanie Henrick and Matthew Hovey violated Plaintiff's rights under the First Amendment to the United States Constitution;

B. Declaring that Defendant Borough of Pottstown, through its officials and custom, policy, or practice, violated Plaintiff's rights under the First Amendment to the United States Constitution;

C. Awarding Plaintiff compensatory damages in an amount to be determined at trial for the violations of her constitutional rights, emotional distress, reputational harm, and other damages;

D. Awarding Plaintiff punitive damages against Defendants Stephanie Henrick and Matthew Hovey in an amount sufficient to punish and deter such conduct;

E. Awarding Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

F. Awarding Plaintiff pre-judgment and post-judgment interest as allowed by law;

G. Granting such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted:

LAW OFFICES OF RICHARD T. CURLEY, P.C.

Date: 21 Sep 2026

*/s/ Richard T. Curley*
RICHARD T. CURLEY
Attorney for Plaintiff Jessica Grater
ID No.: 48157
50 East Philadelphia Avenue
P.O. Box 357
Boyertown, Pennsylvania 19512
(610) 367-4401
tim.curley@curleylawpc.com

VERIFICATION

I verify that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of federal law relating to unsworn falsification to authorities.

DATE: 9/18/2026

Jessica R. Grater